/0

June 3, 2001.

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

CLERK of the U.S. District Court
for the Southern District of Texas
Brownsville Division
600 E. Harrison St. Room 101
Brownsville, Texas 78520

CAB-00-186

Re: Motion to Compel Prosecutor's duty......to disclose evidence favorable to the accused. Pleading No. 52- filed November 16, 2000.

Dear Clerk:

On March 6, 2001, the U.S. Court of Appeals for the Fifth Circuit decided Movant's Petition for a Writ of Mandamus compelling Prosecutor's Duty.......to Disclose Evidence Favorable to the Accused without addressing the core questions of : (1) whether the U.S. Attorney, et al, have the constitutional duty to disclose requested evidence favorable to a defendant for use in post-conviction relief from the operation of judgment ; and (2) whether Petitioner has the right to such requested evidence (disclosure). The Court ruled that because two remedies were available to Petitioner, mandamus relief was inappropriate. The Court futher stated that because the district court erred in failing to grant him the requested discovery before construing the pleading (Ex Parte Rule 60 (b) motion) as one under 28 USC 2255 and simultaneously dismissing it, he may argue it on appeal. On December 6, 2000, Absalon filed a Motion to Vacate Judgment and dismiss Indictment B-98-506 pursuant to Rule 12(b)(2) of the Fed.R.Crim.P, and by authority of Apprendi v New Jersey, 147 Led 2d 435, cause B-00-186 [Pleading No 54]. The Court stating again that "should Absalon be

dissastified with the district court's eventual ruling in that case, he may raise the failure to grant discovery on appeal from that ruling as well".

In view of the above I hereby respectfully request to be informed of the current status of Pleading No. 52.

I look forward to heraing from you at your earliest convenience.

Very truly yours

Hugo P. Absalon

82491-079 BSCC

Airpark unit D-1

3700 Wright Avenue

Big Spring, Texas 79720