UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2001

Michael N. Milby
Clerk of Court

United States of America
                Plaintiff

v

Hugo P. Absalon               Criminal B-98-506
                              C.A. B-00-186
                Defendant

MOTION FOR COURT
VOLUNTARY DISQUALIFICATION

Now comes the Defendant Hugo P. Absalon, pro se, and respectfully moves this Honorable Court to voluntary disqualify herself from sitting on further proceedings in the above entitle case. In support of this motion, Absalon states the following:

1    This Court has had subtanstial exposure to this case and has been called up on to make rulings which have adversely affected Absalon:

    (a)    U.S. District Judge Hilda G. Tagle erroneously construed Absalon's Ex parte Motion as one brought under 28 USC section 2255 as ruled by Fifth Circuit Judges Reavley, DeMoss and Stewart who have stated that the district court erred in failing to grant Absalon the requested discovery before construing

the pleading [Ex parte Motion-pleading No. 46] as one under 28 USC section 2255 motion, and dismissing it. U.S.C.A.-Fifth Circuit No 01-40048- Order of March 6, 2001.

    (b)     Judge Tagle has ignored binding Fifth Circuit rulings : Moawad v Childs, 673 F2d 851 (5th Cir 1982) where the Court held: ..."when a dismissal of a pro se complaint [as Absalon's Ex parte is] is warranted it should generally be "without prejudice" in order to afford the plaintiff the opportunity to file an amended complaint"... ; in Covington v Cole, 528 F2d 1365, 1370 (5th Cir 1976) the Court held: ..."If a dismissal of a pro se complaint is warranted, it should be "without prejudice" to allow an inmate to file an amended complaint"...

    (1)     Judge Tagle's ORDER of dismissal of Absalon's motion does not show that dismissal was "without prejudice".

2. Although it is true that the Court gave Absalon opportunity for withdrawal or amendment of his Ex parte Motion, **at the same time** Absalon **was being deprived by the Court and the government of duly requested discovery necessary for a meaningful collateral attack on the judgment.**

3. U.S. District Judge Hilda G. Tagle, and U.S. Magistrate Judge Felix Recio **knew or should have known** that construing Absalon's Ex parte Motion as one under 28 USC section 2255 **would not be justified prior to granting the duly requested discovery**, as ruled by the Fifth Circuit Panel, supra.

4. **There was no need, nor justification to** erroneously construe Absalon's Ex parte Motion as one under 28 USC section 2255, **and simultaneously dismissing it** unless the Court's intent was **to deprive Absalon of his right to file a meaningfull attack on the judgment after** U.S. Attorney

**Mervyn M. Mosbacker and Assistant U.S. Attorney Adela Kowalski-Garza had complied with their Constitutional Duty to Disclose duly requested evidence** .

5. At the Sentencing Hearing (2/4/99) , at government's urging, U.S. District Judge Tagle directed Absalon to take the oath , without Absalon being a witness given testimony, and give answers to questions made from the bench in reference to objections contained in the Presentence Report [PSR] read to the Court by Absalon's defense counsel under the Court's direction. Absalon's answers were construed as testimony under oath. Absalon **did not testify** under direct examination by his defense counsel; **did not testify** under crosss-examination by the prosecution; **nor at any other phase** of the district court proceedings.

6. Language used by U.S. District Judge Hilda G. Tagle on her reasoning for upward departure , as it appears in the section..."Reasons for Departure"... of the Judgment against Absalon , shows the following:

(a) That the statutes referred to on her reasoning are not the statutes charged in Indictment B-98-506;

(b) **A comparison** of language of two of the Indictment statutes , considered for upward departure,18 USCA-2000 edition-sections 1201 to 1360-page # 14, and 18 USCA-2000 edition-sections 2331 to 2440-page # 847, **with** the statutes referred to by Judge Tagle on her reasoning for upward departure 18 USCA-2000 edition- sections 1201 to 1360-page # 68, and 18 USCA-2000 edition-sections 2231 to 2240-page # 56, will show that Absalon was further

penalized for alleged offenses **for which Absalon was not indicted , and that Absalon did not commit.**

   (c)   The record shows that **there was no** "hostage taking" and **there was no "exploitation"** of any kind.

   (d)   **There was no** witness testimony ; **there was no** evidence to support Judge Tagle's reasoning for upward departure as stated on the "Reasons for departure" of the Judgment against Absalon.(page No.      ).

7.   Judge Tagle adopted and erroneous calculation of the Sentencing Guideline Offense Level.

8.   In the case at bar , a finding of the Court's lack of jurisdiction, addressed by Absalon claims , would result in liability for the rendering Judge Hilda G. Tagle. Under the circumstances it will be difficult for Judge Tagle to review it objectively.

   (a)   In Cohens v Virginia, 19 US (6 Wheat) 264, 405, 5 Led 257, 291 (1821) the U. S. Supreme Court held  . "We have no more right to decline the exercise of jurisdiction which given, than **to usurp that which is not given** ; the one or the other **would be treason to the Constitution** "...

   (b)   In Louisville & Nashville Ry. Co. V Mottley, 211 US 149, 29 Sct 42, 53 Led 126 (1908) the Supreme Court held that if a subject matter jurisdiction defects exists, it may be raised at any time, even on appeal, and that **the court is under duty to point it out**  if parties do not "...

(c) By means of Affidavit attached to Absalon's Ex parte Motion he had previously raised the issue that the rendering judge should not be allowed to rule in that motion. Affidavit was filed on January 31, 2000. On January 5, 2001, U.S. District Judge Hilda G. Tagle ORDERED that :..."To the extent that Petitioner, Hugo P. Absalon , is requesting that Judge Hilda Tagle recuse herself from ruling on Petitioner's Ex Parte Motion requesting relief pursuant to Rules 60(b)(3) & (6), and Rules 12(b)(1) & (7) of the Federal Rules of Civil Procedure (Docket # 46), Petitioner's request is hereby **DENIED** "... "Done in Brownsville Texas this 5 day of January 2001 "...

Similar Affidavit is attached to Absalon's Motion to Vacate pursuant to Rule 12(b)(2) , Cause # B-00-186-Pleading No. 54.

(1) In Yagman v Republic, Ins. (1991 C.D. Cal.) 136 FRD, affd. (CA 9 Cal.) 978 F2d 622 the Court held : (district court judges have a self-enforcing duty to disqualify themselves in any proceedings in which their impartiality might be questioned or when they have personal bias or prejudice concerning a party).

(2) Recusal is appropriate where reasonable person with knowledge of all the facts would conclude that judges impartiality might reasonably be questioned . 28 USC sections 144, 455.

Section 455 imposes an affirmative duty upon judges to recuse themselfs , In Re Yagman, 796 F2d 1179 (applying section 455 ; United States v Conforte, 624 F2d 869, 880-81 (9th Cir) (discussing standard for disqualification under section 144 and 455) cert. Denied 449 US 1012, 101 Sct 568, 66 Led 2d 470 (1980).

(d) Furthermore, it is likely that issues previously decided by this Court will be raised again. The interest of justice would seem to require the voluntary withdrawal of this so that the reality and appearance of impartiality can be preserved. See generally, In Re Beard, 811 F2d 818 (4th Cir 1987) (disqualification of judge is required if a reasonable factual basis exists for doubting judge's impartiality)

(1) Absalon does respectfully avers that factual basis do exist in the instant case.

(e) It is respectfully suggested that this Court should take into consideration the fact that confidence in the impartiality of the judiciary is vital to the continued success of our democratic system. Our court system must not only be fair, it must also appear to be fair, See generally, United States v Murphy, 786 F2d 1518 (7th Cir 1985) cert. Denied, 475 US 1012 (when a question about a judges impartiality reasonably arises, judge must stand aside in order to preserve public confidence in the courts.

(f) No delay or prejudice will result from a voluntary withdrawal.

WHEREFORE, Absalon respectfully moves this Honorable Court to voluntarily excuse herself from further proceedings in this case.

Dated July 2, 2001

Respectfully submitted

*/signature/*

Hugo P. Absalon, pro se
82491-079 BSCC
Airpark unit D-1
3700 Wright Avenue
Big Spring, Texas 79720