<u>IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION</u>

Hugo P. Absalon

Vs.                                CA   B-00-186
                                   CR   B-98-506
UNITED STATES OF AMERICA

United States District Court
Southern District of Texas
FILED
MAY 21 2002
Michael N. Milby
Clerk of Court

<u>OBJECTIONS TO U.S. MAGISTRATE ORDER</u>

Pursuant to 28 USC § 636(b)(1)(C) Petitioner, pro se, files this, his written objections to U.S. Magistrate Judge Felix Recio's findings and ORDER to **moot** Petitioner's **Motion to Amend and Supplement**, entry date of March 26, 2002 **no docket number assigned**. In support thereof, Petitioner respectfully avers the following :

(a)   The purpose of Petitioner's Motion to Amend, is to correct substantial errors, omitions and apparent manipulation of facts .

(b)   **May 8, 2002** - Magistrate Felix Recio's findings that :"*Due to the fact that MrAbsalon's case is currently on appeal at the 5th Circuit, this Court is not authorized to* **hear any** *of Petitioner's new motions*" — "*because this Court no longer has jurisdiction over this matter*" seems to be without merit in light of the following :

(1)—Notice of Appeal (court docket # 70) was filed on **March 4, 2002.**

(2)—The filing of the Notice of Appeal automatically and without further action vest jurisdiction in Court of Appeals, Greer v Stelle, D.C. Tex.1974, 378 Fsupp 182; U.S. v Robinson, 361 US 220, 224, 80 SCt 282, 4 Led 2d 259 (1960).

(3)—**On March 22, 2002** Petitioner served his **Motion for Certified Copy of Criminal Docket Sheet**.

(4)—Notwithstanding Magistrate Felix Recio's findings on "(b)", supra, on **March 25, 2002** the Court granted Petitioner's **Motion for Certified Copy of Criminal docket sheet**. (Court docket # 79). It is reasonable to consider that the Court felt it had jurisdiction over the matter.

(5)— Subsequently, Petitioner filed his **Motion to AMEND and SUPPLEMENT** the **Certified Copy of Docket Sheet (April 12, 2002)** showing some of the substantial errors, omittions and apparent manipulation of facts.   Now, Magistrate Judge Felix Recio rules that the Court no longer had jurisdiction over the matter.  If the two motions were filed after the filing of the Notice of Appeal(March 4, 2002) as they were, and the two of them are relevant to the same subject matter (Certified Copy of Criminal Docket sheet) what is Magistrate Judge Felix Recio justification for different treatment to the motions ?

(c)   Questions of errors and omittions outlined in subsections "(a)" and "(b)"therein are fundamental to the determination of whether, Judge Hilda G. Tagle's ORDER (Court docket # 68) for the simultaneous denial of two (2) Petitioner's Motions before the Court, which outcome, if granted, should resolve matters of vacating the ORDER of denial, vacating the judgment of conviction, dismissal of the indictment, and ordering of his release, forthwith, from federal custody, matters which a Magistrate Judge should not, and cannot adjudicate.

(d)   Questions outlined in subsection "(d)" of the Motion to Amend , supra, shows the Court's apparent intent to manipulate facts as therein shown:

(1)   Court docket entry of 3/19/02, Order granting Certificate of appealability (docket # 71) is relevant to Notice of Appeal (docket # 59 , filed 2/15/01 ) from order of dismissal (docket # 57 filed 1/10/01) of  Petitioner's Ex parte Motion, docket # 46, filed 2/03/00.

(2)   Docket entry  of 3/27/02 (dated 3/26/02)  **(no docket number shown)** refers to docket # 72  (Motion for certificate of appealability  for  Notice of Appela filed on 3/04/02 , docket # 70) .   The docket entry reads as follows *"Docket No 72 is MOOT as per Judge Recio's Secretary – Docket # 13   Order Grants Petitioner's  Motion for a certificate of appealability (Doc. # 21).*  It certainly makes no sense . Is the Court trying to assert that the  docket entry of 3/27/02 (witout docket number)  contains the response to Petitioner's  Motion for Certificate of Appealability  (docket  # 72)  ? <u>which is in error</u>  , or is the Court asserting that  matter on docket # 72  is MOOT  because the Court **had already granted** Certificate of Appealability to Notice of Appeal  on docket # 54  ? , for which **<u>there is no ORDER</u>   served to Petitioner  or entered  as  <u>" filed"</u> in the docket sheets** .

(3)   Just as the   Court **<u>did before</u>**  on court docket # 57  **(<u>January 10, 2001</u>)** where it was made  to  appear  that  Judge  Tagle's  Order  of  dismissal  of Petitioner's Ex parte Motion pursuant to Rule 60(b) (court docket # 46**<u>) was instead dismissing</u>** Petitioner's Motion to vacate pursuant to Rule 12(b)(2) and by authority of Apprendi (court docket  # 54) .  **The same  Motion  that  Judge Hilda G. Tagle  DISMISSED   AGAIN**   on **February 19, 2002** (court docket # 68).

On **March 13, 2001** Petitioner requested of the Court to correct the errors in court docket # 57 . Certified Mail 7099 3220 0002 9453 1330- Return receipt showing a 3/16/01 delivery date and to be provided with a copy of the corrected court docket entries. To date , May 15, 2002 , Petitioner has not received acknowledgment of his request , nor an answer to it.

Respectfully submitted

_/s/ Hugo P. Absalon_

Hugo P .Absalon, pro se
82491-079 BSCC
Cedar Hills unit DB4
3711 Wright Avenue
Big Spring, Texas 79720.

## CERTIFICATE OF SERVICE

This will certify that a copy of this motion was served to the attorney of record for the respondent by first clase mail , postage prepaid, on May 17, 2002.

_/s/ Hugo P. Absalon_

Hugo P. Absalon ,pro se.