1

23

United States District Court
Southern District of Texas
FILED

JUN 21 2002

Michael N. Milby
Clerk of Court

1  **IN THE UNITED STATES COURT OF APPEALS**
2  **FOR THE FIFTH CIRCUIT**
3
4
5  Hugo P. Absalon
6         Applicant/Appellant
7         v            U.S.C.A. No. 01-40293      *CAB-00-186*
8
9  UNITED STATES OF AMERICA
10        U.S.D.C. No. B-98-506-1
11        Respondent/Appellee
12
13  _____
14  **APPLICATION FOR CERTIFICATE OF APPEALABILITY**
15
16  To the Honorable Judges of the Court:

17       COMES NOW, Applicant/Appellant , Hugo P.Absalon , pro se , and hereby

18  files the instant application for Certificate of Appealability and in support thereof

19  would show the Court the following:

20                      **JURISDICTION**

21       Jurisdiction to issue Certificate of Appealability is authorized pursuant to

22  Title 28 USC section 2253 (c)(1) and Fed.R.App.P. 22(b) as amended by Sections

23  102 and 103 of the AEDPA Act of 1996, Public Law No.104-132 , 110 Stat

24  1214, 1218 (April 24;1996).

1         # APPLICATION

2    **1    Statement of the case.**        **On February 3, 2000**, Applicant filed  Ex

3    Parte Motion pursuant to Rules 60(b)(3) & (6), and 12(b)(1) & (7) of the

4    Fed.R.CV.P.(U.S.D. C. docket # 46)  The issues therein are :  1) fraud on the court

5    2) unlawful and fraudulent ,deceiving misrepresentations  3)  lack of Legislative

6    Jurisdiction over the "locus in quo" [and] subject matter jurisdiction , and lack of

7    authority to charge non-positive law provisions beyond their restricted

8    jurisdictional parameters.

9        **On December 1, 2000 ,**  U.S. Magistrate Judge Felix Recio recommended

10    that the Court: "*1) construe Petitioner's Ex Parte Motion as a motion brought*

11    *pursuant to 28 USC section 2255 ,  and  2) dismiss Petitioner's Motion* " (CD :

12    53).

13        **On  December  13,  2000**   , Petitioner  served  his  Objections  to  the

14    Magistrate's Report and Recommendation. (CD : 55).

15        **On January 8, 2001,** Appellant filed Petition for a Writ of Mandamus to a

16    U.S. district court seeking Order to the district court to expeditiously decide on

17    the pending Motion (U.S.C.A. No. 01-40048).

18    Fifth  Circuit  Court  of  Appeals  panel,  Circuit  Judges  Reavley ,  DeMos  and

19    Stewart ruled : "*he may argue on appeal that the district court erred in failing*

1  to grant him the requested discovery *before construing the pleading as one*

2  *under 28 U.S.C. section 2255  and dismissing it* " (emphasis    added) ,

3  Furthermore , the Panel held : " *We further note that ,on December 6, 2000 ,*

4  *Absalon filed another ——motion in district court* [Motion to Vacate Judgment

5  pursuant to Rule 12(b)(2) of the Fed.R.CR.P. and by authority of Apprendi  v

6  New Jersey ,filed December 6, 2000  (CD : 54) ] " . *"No action has  yet been*

7  *taken on that motion. Should Absalon be dissatisfied with the district court's*

8  *eventual ruling in that case , he may raise the failure to grant discovery on*

9  *appeal from that ruling as well".*

10  **On January 10, 2001** ,  U.S. District Judge Hilda G. Tagle Ordered  that :  "

11  *1) The Magistrate Judge's Report and Recommendations is hereby ADOPTED.*

12  *2) Petitioner Absalon's Ex Parte Motion is hereby construed as a motion to*

13  *vacate pursuant to 28 USC section 2255 ;  and  3) Petitioner's Motion is*

14  *hereby DISMISSED" (CD : 57 ).*  Order of dismissal was served upon the

15  Petitioner  on February 6,th, 2001 .

16  **On February 15, 2001** ,  Appellant files Notice of Appeal  (U.S.C.A. No.

17  01-40293)-  (CD : 59).

1    <u>**On March 22, 2001**</u> , the Clerk of the U.S. Court of Appeals  informs

2    Appellant  that  the  District  Court  <u>**has not ruled**</u>   yet  on  certificate  of

3    appealability - (by letter).

4    <u>**On June 21 , 2001**</u> ,the Clerk of the U.S.  Court of Appeals  informs that

5    certificate of appealability <u>**is still pending**</u>  in  the district court.- (by letter).

6    <u>July 20, 2001</u> , Clerk of the   U.S. Court of Appeals informs  that : "*All*

7    *parties  are advised that this motion* [by Appellant] *has been filed as a <u>**request**</u>*

8    *<u>to waive certificate of appealability (COA) requirements</u> . Counsel is advised*

9    *that any response to this motion will be due by 7/29/01—it will be necessary for*

10   *appellant to submit a brief on the merits of the appeal" -*   (by letter).

11   <u>July 25, 2001</u> , Appellant forwarded to the Clerk  original brief , appendix

12   and three complete, true copies thereof for its filing. Certified Mail  7099 3220

13   0002 9453 1941 – Return  receipt  shows  delivery date  of  July 28, 2001.

14   Appellant's Brief face page is stamped on July 30, 2001 -  One copy thereof

15   was mailed to the Appellee  by first class mail,postage prepaid.

16   <u>**February 20, 2002**</u> , Appellant requested of the Court to be informed of the

17   current status of his appeal (01-40293) – Return receipt  shows delivery date of

18   <u>February 28, 2002</u> , and the Court's stamp shows "received  February 28,

19   2002".  The letter is returned to Appellant by Ms. Donna Mendez  with the

1    following note : " *3/20/02 - Mr Absalon , We have now received the district*

2    *court's order GRANTING a certificate of appealability in this appeal—*"

3    **March 19, 2002** , after 13 (thirteen) months of waiting for a certificate of

4    appealibility to be granted , U.S. District Judge Hilda G. Tagle ORDERED :

5    "*On February 15, 2001 Petitioner Hugo P.Absalon filed Notice of Appeal*

6    *(Docket No.59) . The Court construes this notice as a motion for certificate of*

7    *appealability*" —"*Petitioner asserts that the Magistrate and District Judge*

8    *erred by denying the eight claims raised in his 28 USC section 2255 Petition—*

9    (CD : 46 , filed February 3, 2000)—*The Court is of the opinion that Petitioner*

10    *hasraised a substantial issue which merits review . Therefore , the Court hereby*

11    *GRANTS  Petitioner Motion for a Certificate of Appealability* " Executed by

12    U.S. District Judge Hilda G. Tagle on March 22, 2002 –(CD : 71).

13    **April 2, 2002** , Record of appeal consisting of 1 volume is transmitted.

14    **May 7, 2002** , U.S. Court of Appeals Panel by Circuit Judges Davis,

15    Barksdale and Emilio Garza remands the case to the district court for the limited

16    purpose of specification of the issue or issues upon which the district court

17    granted a COA.

18    **May 31 2002** - RESPONSE  by Judge Hilda G. Tagle : "*Pursuant to the*

19    *Fifth Circuit's remand requesting specification of  the issue or issues upon*

1    *which the district court granted a certificate of appealability , the following is*

2    *submitted . Petitioner Absalon objected to the district court's application of the*

3    *guideline in applying offense conduct of dismissed charges to enhance his*

4    *guideline score (Doc. #12 page 12). Absalon filed a Motion to Disqualify the*

5    *District Judge for considering his 28 USC 2255 petitioon (Doc. #11)*

6    *questioning the Judge's impartiality. Although this issue was not raised in the*

7    *2255 Application itself, this Court felt that it was a significant issue that should*

8    *be reviewed by the Appellate Court.   For the above stated reasons , the*

9    *Certificate of Appealability was granted . Signed this 30th day of March , 2002 ,*

10   *Hilda Tagle United States District Judge ".*

11

12   **2. Issues to be raised on appeal .**

13   The issues underlying Appellant's claims  for review on appeal  **specifically**

14   outlined on page # 1 of Appellant's Brief filed on July 25, 2001 , are as

15   follows:

16   **ISSUE   ONE** – Whether the United States District Court violated Petitioner's

17   right of Due Process and  abused  its  discretion by recharacterizing Petitioner's

18   Ex Parte Motion pursuant to rules 60(b)(3) & (6) , and 12(b)(1) & (7) of the

19   Fed.R.CV.P. as one brought under 28 USC section 2255 motion.

1    <u>ISSUE   TWO</u> -   Whether the policy of lenity applies to an ORDER of

2    dismissal on which its wording does not point clearly to either meaning of the

3    dismissal being "with" or "without" prejudice, does creating ambiguity

4    concerning the ambit of its meaning.

5    <u>ISSUE   THREE</u> -  Whether the District Court erred in failing to grant the

6    requested discovery before construing the pleading as one under 28 USC

7    section 2255 and dismissing it.

8

9    *3.* <u>*Summary of argument showing that the Appeal meets the standards of*</u>

10    <u>*Barefoot  v  Stelle , 463 US at 894 , 77 Led 2d 1090 , 103 S.Ct. 3383 ;*</u>

11    <u>*Finley  v  Johnson , 243 F3d 215 (5th Cir 2001)* citing *Newby  v  Johnson*</u>

12    <u>*, 81 F3d 567, 569 (5th Cir 1996).*</u>

13    (a).      U.S. District Judge Hilda G. Tagle granted  Certificate of Appealability

14    on   U.S.C.A.   No.   01-40293   without  reaching   Appellant's  underlying

15    constitutional claims  outlined on his claim.

16          (1)   In  pertinent part of her ORDER  of March 19, 2002 ,Judge  Tagle

17    ruled  : "*The Court construes this notice*  [Notice of Appeal] , *as a motion for*

18    *certificate of appealability*"— "*A petitioner may  be issued a certificate of*

19    *appealability only where he has made a substantial showing of the denial of a*

1    *constitutional right. Hicks v Johnson, 186 F3d 634, 636 (5th Cir. 1999). A*

2    *"substantial showing" requires the applicant to demonstrate that the issues are*

3    *debatable among jurists of reason, that a court could resolve the issues in different*

4    *manner , or that the question is adequate to deserve encouragement to proceed*

5    *further, Hicks, 186 F3d at 636 ". "**The Court is of the opinion that the Petitioner***

6    ***has raised a substantial issue which merits review . Therefore , the Court hereby***

7    ***GRANTS  Petitioner's Motion for a Certificate of Appealability"***  (emphasis

8    added).

9        (2)    In her RESPONSE , served upon the Appellant on June 7, 2002 ,

10    Judge Hilda G. Tagle   responded : *"Pursuant to the Fifth Circuit's remand*

11    *requesting specification of the issue or issues upon which the district court granted*

12    *a certificate of appealability , the following is submitted  . [I] Petitioner Absalon*

13    *objected to the district court's application of the guidelines in applying offense*

14    *conduct of dismissed charges to enhance his guideline  score . [II]  Absalon filed*

15    *a Motion to Disqualify the district Judge from considering his 28 USC 2255*

16    *petition (Doc.  #11 ???) questioning the Judge's impartiality. Althoug this issue*

17    ***was  not   raised***  *in the 2255 Application itself , this Court felt that it was a*

18    *significant issue **that should be reviewed** by the Appellate Court .   For the above*

19    *reasons , **the Certificate of Appealability was granted** ".*(emphasis added).

1    (3)    A review of Appellant's Brief (U.S.C.A. No 01-40293) filed July 25,

2    2001, shows that the statement made on"[I]" , supra , is false.   No-where in the

3    Brief could be found that Appellant made such objection , and much less , having

4    offered it as an appeal issue . The  three appeal issues are  **specifically** stated on

5    page # 1 of Appellant's Brief.       The inclusion of  "[II]", the  "Motion to

6    Disqualify the District Judge" , as an issue to be reviewed by the Appellate Court

7    seems to be misplaced.  As per her own statement , this issue was not raised by the

8    Appellant on his appeal . Furthermore , Appellant's Motion for Disqualification of

9    Federal Judge  **was served on February 13, 2002** – received by the Court on

10   **February 16, 2002** , and **filed** by the U.S. Court of Appeals for the Fifth Circuit

11   **on February 18, 2002**  (CD :      )  **placing the  pleading under appellate**

12   **jurisdiction** .

13   Previously,  on **July 3, 2001** , Appellant filed his Motion for  **Judge's Voluntary**

14   **Disqualification** .  Service was duly made    As of today , no action has yet been

15   taken on that motion by the district court.  In both motions Appellant sought that

16   Judge Hilda G. Tagle  no further presided  on Appellant's case  until decision was

17   made on the outstanding motions for her disqualification.  The record shows that

18   she continued to decide on pleadings filed previously to the filing of the 1st. motion

19   , and those pleadings filed afterwards.

1

2        (4)     Arguments and Case supporting the issues on appeal (please refer to

3   *"2. Issues to be raised on appeal "* , supra )  are fully developed on the Brief for

4   U.S.C.A.  No.  01-40293 , page 3  to  30 ,  thus  , intending not to repeat them on

5   this Application,  Appellant has omitted them.

6        (5)     Arguments  and  Case  Law  supporting  the  two  motions  for

7   disqualification  (please refer to herein named pleadings)  are developed  therein ,

8   thus ,   intending  not  to repeat them  on this  Application , Appellant  has  omitted

9   them.

10       (6)     The  issues  on Appellant's  Ex Parte Motion pursuant to  Rule

11  60(b)(3) & (6) , and Rule 12(b)(1) & (7) of the Fed . R.CV.P. are  **specifically**

12  outlined on page # 1 of Appellant's Ex Parte Motion  (CD : 46) (filed February 3,

13  2000)  as follows :

14  (*)fraud on the Court  (*)  unlawful and fraudulent , deceiving misrepresentations

15  (*) lack of Legislative  Jurisdiction  over the  "locus in quo "[ within the Sovereign

16  State of Texas, and Extraterritorial Jurisdiction  within the Sovereign Country of

17  Mexico  ] ,  [ and ] subject matter Jurisdiction   (*)    lack of authority to charge

18  non-positive  law provisions beyond  their restricted judicial parameters.   **Four**

1 **issues** ,   not   eight   as alleged on Judge Hilda G. Tagle's ORDER of March 19,

2 2002.

3 <center>**CONCLUSION**</center>

4     The district court found that Appellant has raised a substantial issue which

5 merits review [page 5(9-10) herein ].  Appellant respectfully submits that the issues

6 raised on his appeal  [pages  6 (last two paragraphs) , and 7(first two paragraphs)

7 herein ] appear to meet the standards set by *Hicks  v  Johnson ,186 F3d 634 , 636*

8 *(5th Cir. 1999)* , demonstrating   " *that the issues are debatable among jurists of*

9 *reason ,that a court could resolve the issues in different manner , or that the*

10 *question is adequate to deserve encouragement to proceed further"* id  Hicks  at

11 636.  *"The Court is of the opinion that the Petitioner has raised a substantial issue*

12 *which merits review. Therefore , the Court hereby GRANTS  Petitioner Motion for*

13 *Certificate of Appealability "* , *Hicks*  .  Standards also found in *Newby v Johnson* ,

14 *81 F3d 567, 569 (5th Circ. 1996)* ; *Finley v  Johnson, 243 F3d 215 (5th Cir. 2001)*

15 and  *Barefoot v Stelle , 463 US at 894, 77 Led 2d 1090, 103 S.Ct. 3383.*

16     For the foregoing reasons and arguments ,  Applicant moves this Honorable

17 Court to review the record and pleadings , to determine that he has made the

18 requisite showing under the standards set forth above , to amend  Judge Hilda G.

19 Tagle's  submitted Certificate of Appealability, to include   the three  issues   on

1   appeal  (supra)  ignored by the District Judge , most likely because of her

2   knowledge that this Honorable Court has ruled that she erred in failing to grant the

3   requested discovery before construing the pleading as one under 28 USC section

4   2255, and that her ruling of dismissal is in direct conflict with binding , controlling

5   holdings of this Court , and then issue a certificate of appealability on the  three

6   issues raised by the Appellant (supra).

7   Respectfully submitted

8   Hugo P. Absalon, pro se

9   82491-079 BSCC

10  Cedar Hills unit DB4

11  3711 Wright Avenue

12  Big Spring, Texas 79720

13                                          **VERIFICATION**

14          In the nature of 28 USC section 1746(1)  I do hereby attest that to the best of

15  my  knowledge this Application for COA is made by me on information and belief

16  , except in matters stated to be of personal knowledge . Sources of my information

17  and the grounds of my belief are records in the official files of the U.S. District

18  Courts for the Southern District of Texas , Brownsville and Houston Divisions ,

19  U.S. Court of Appeals for the Fifth Circuit  , documents originated by the U.S.

20  Attorney's Office , and other inquiries made or caused to be made by me.

21  Respectfully submitted

22

23  Hugo P. Absalon , pro se.

24

1

## CERTIFICATE OF SERVICE

2   I   hereby certify that I have mailed a true and correct copy of the foregoing
3   Application for COA  to the Respondent on this ___13$\frac{th}{}$ day of June,2002 ,   by
4   placing it in the hands of prison officials ,  via first class mail , postage prepaid.

5

6

7   Hugo P. Absalon ,pro se.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27