

```
1         IN THE UNITED STATES DISTRICT COURT          United States District Court
2         FOR THE SOUTHERN DISTRICT OF TEXAS            Southern District of Texas
3                  BROWNSVILLE DIVISION                          FILED
4                                                            NOV 1 2 2002
5
6  Hugo P. Absalon                                         Michael N. Milby
7                    Petitioner                             Clerk of Court
8         v                    Criminal B-98-506    B-00-186
9
10 UNITED STATES OF AMERICA
11                   Respondent
```

---

### OBJECTIONS TO U.S. MAGISTRATE ORDER

---

Pursuant to 28 USC § 636 Petitioner, pro se, files this, his written objections to U.S. Magistrate Judge Felix Recio's findings and ORDER mooting Petitioner's motion for disqualification of federal judge entered October 24 2002 . In support thereof, Petitioner respectfully avers the following : in pertinent part, Rule 28 USC § 636 provides that a judge may designate a magistrate to hear and determine matters before the court , with some exceptions . A judge of the court may reconsider any matter where it has been shown that the magistrate's order is clearly erroneous or contrary to law. The magistrate shall file his findings [ and resulting order]with the court and a copy shall forthwith be mailed to all parties . Within ten days after being served with a copy , any party may serve and file written objections to such findings as provided by rules of court. A judge of the court shall make a de novo determination of those findings [and resulting order] to which objection is made . A judge of the court may accept , reject or modify in whole or in part the findings [and resulting order] made by the magistrate . The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

1.    In his ORDER U.S. Magistrate Judge Felix Recio [hereinafter "Magistrate Recio"] alleged that :"*Petitioner Absalon **has filed** a "Motion for Disqualification of Federal Judge" in the above referenced cause of action **in the United States District Court for the Southern District of Texas , Brownsville Division** . This case is closed and the Petitioner's case is currently on appeal at the Fifth Circuit   Therefore , this Court has no jurisdiction to hear any*

1  *motions filed by either party in this case . Petitioner's motion is untimely and is hereby mooted by*
2  *this order"*. (emphasis added).
3      (a)    Petitioner have filed three (3) motions for disqualification of federal judge and one
4  Motion for Leave to Supplement Appellant's Motion for Disqualification of Federal Judge : (1)
5  **the first filed at the District Court on July 3, 2001** against U.S. District Judge Hilda G.
6  Tagle -.Certified Mail # 7099 3220 0002 9453 1521- . Signed Return Receipt shows delivery
7  date of July 9, 2001 . **As of today no action has yet been taken on the motion by the**
8  **district court.** The Court has been made aware of the above in several occasions. (2) **the**
9  **second filed at the U.S. Court of Appeals on February 18, 2002** against U.S. District Judge
10 Hilda G. Tagle - Certified Mail # 7000 1670 0002 6759 1616 - . Signed Return Receipt shows
11 delivery date of February 16, 2002. Action is pending final determination. (3) **Motion for**
12 **leave to supplement motion for disqualification of federal judge** (against U.S. District Judge
13 Hilda G. Tagle ) **filed at the U.S. Court of Appeals on August 16, 2002** - Certified Mail #
14 7000 1670 0010 4438 3882-. Signed Return Receipt shows delivery date of August 16, 2002 .
15 No final decision has yet been made by the Appeals Court . and (4) **Motion for**
16 **disqualification of federal judge U.S. Magistrate Judge** (against U.S. Magistrate Judge Felix
17 Recio) **filed at the U.S. Court of Appeals on October 18, 2002** - Certified Mail # 7000
18 1670 0010 8896 1121- . Signed Return Receipt shows delivery date of October 18, 2002 . No
19 final decision has been made on the motion by the Appeals Court.
20     (b)    Magistrate Recio **failed** to state **with particularity** to which of the four above
21 motions he was referring in his ORDER
22 (1)    28 USC § 636(c)(3) (cumulative Annual Pocket Part 2001) provides that upon entry of
23 judgment, an aggrieved party may appeal directly to the appropriate U.S. court of appeals from
24 the judgment of the magistrate in the same manner as an appeal from any other judgment of a
25 district court.
26 Noticeably lacking from the Court's ORDER is Magistrate Recio's failure to state to which of the
27 four outstanding disqualification motions , supra, he was referring in his ORDER. In the event
28 of an appeal , WHAT would be the factual findings and legal conclusions of the **Court's cryptic**
29 **ORDER** that Petitioner could possible challenge in the higher court's , moreover , the Fifth
30 Circuit of Appeals (and the U.S. Supreme Court if need be) **would be in the dark** with respect to

the District Court's position on the issue crucial to an informed exercise of the Fifth Circuit's [and U.S. Supreme Court] power of review . Please see *Honorable Hubert L. Will , Judge, U.S. District Court for the Northern District of Illinois v United States* , 389 US 90 , 105-06(1967) , *19 Led 2d 305.*

(2)    Magistrate Recio's ORDER refers , specifically , **to the filing** of a *"Motion for Disqualification of Federal Judge"* **in the U.S. District Court for the Southern District of Texas , Brownsville Division.**

(3)    The only motion for disqualification of federal judge **filed at the district court** is the one filed on **July 3, 2001** (please refer to page 18(3-19) , supra)).

(4)    It is instructive to learn of Magistrate Recio's and the Court's subtle efforts to avoid the July 3, 2001 motion for disqualification of federal judge :    1) On **March 25, 2002** Petitioner filed Motion for Certified Copy of Criminal Docket Sheet for case B-98-506 (U.S.D.C. docket # 73) . 2) **April 2, 2002**  Court granted the motion and provided Petitioner with a copy  thereof . The Certified Copy of the Docket Sheet **contained** entries from **September 1, 1998 thru April 1, 2002 but OMITS** any entry of or filing for **the July 3, 2001 motion** for disqualification of federal judge    **3) April 16 , 2002** Petitioner filed Motion to Amend and Supplement Certified Copy of Docket Sheet outlining several omissions of  receipt , entry and filing of Petitioner's previous pleadings , and manipulation of facts is evident in others  (CD : 74). Amongst the **omitions** , it is instructive to find :   1)  the July 3, 2001 motion for disqualification of federal judge , and  2) Petitioner's  Traverse  (reply to government's motion for summary denial ; Petitioner's motion for denial of the latter ; Petitioner's  motion for judgment on the pleadings), **duly served** on June 29 , 2001 - Certified Mail   #s  7 099 3220 0002  9453 1590  and  7099 3220 0002  9453 1583 - signed Return Receipt shows a July 13 , 2001 delivery date.       4) **May 8, 2002**  Magistrate Recio ORDERED : *"Due to the fact that Mr. Absalon's case is currently on appeal at the 5th Circuit , this court is not authorized to hear any of Petitioner's new motions. Therefore , Prisoner's "Motion to Amend and Supplement Copy of Docket Sheet , **as well as any future motions** filed by the Petitioner while his case is pending in the 5th Circuit **are hereby MOOT.** This Court hereby orders the Clerk of the Court to moot said motions because **this Court no longer has jurisdiction over this matters** ".* (emphasis added) .-( The  Certified copy of Docket Sheet **does not show** any entry or docket number for the above ORDER)-    Should that be

1  the case , <u>lack of jurisdiction</u> , THEN : 1) following the above reasoning , **did** Magistrate
2  Recio (or whoever did it) <u>usurp jurisdiction</u> in granting Appellant's Motion for Certified Copy of
3  Docket Sheet <u>on April 2, 2002</u> , where the Appeal had been filed on <u>March 4, 2002</u> , and still
4  pending on April 2 , 2002 ??? ( as of today , the appeal is still pending).    5) <u>May 22, 2002</u>
5  Petitioner filed Objection to Magistrate Recio's ORDER of May 8, 2002. Docket Sheet does not
6  show entry or filing , of the Objection.
7  Title 28 USC § 636(a)(C), in pertinent part provides that within ten days after being served with a
8  copy , any party may serve and file written objections to such proposed findings (and resulting
9  order) as provided by rules of court . A judge of the court shall make a de novo determination of
10 the findings (order) . The final decision MUST be referred to a U.S. District Judge <u>for final</u>
11 <u>decision</u> ,    <u>WHICH IT WAS NOT</u> . *"To be a final appealable order of district court ,*
12 *Magistrate Judge's decision must have been reviewed by district court , which then retains*
13 *ultimate decision-making power "  U.S. v Akinola , C.A. 1 (R.I.) 1993 , 985 F2d 1105".*
14 6)   <u>May 22 , 2002</u> Magistrate Recio gave NOTICE to Petitioner stating that Petitioner's
15 Objections to his ORDER were MOOT , as Petitioner has filed an appeal which is currently
16 pending before the Fifth Circuit Court of Appeals (CD :76) . The Court failed to comply with
17 Title 28 UCS § 636(a)(C).
18 7)    Both Motions , the one for Certified Copy of Docket Sheet and the other for Amendment
19 and Supplementation of Copy of Certified Copy of Docket Sheet , <u>were filed by Petitioner</u>
20 <u>after the filing of the Notice of Appeal  on March 4, 2002.</u>   It seems reasonable to
21 question why <u>he exercised jurisdiction</u> over the Motion for Certified Copy of Criminal Docket
22 Sheet (filed March 25, 2002), but subsequently , <u>he claimed lack of jurisdiction</u> over the
23 Motion to Amend and Supplement Certified Copy of Criminal Docket Sheet (filed April 16,
24 2002) .    It is respectfully submitted that Magistrate Recio should state , with particularity , his
25 factual findings and legal reasoning sustaining his ruling in the subject matter.
26 (c)   <u>It seems reasonable to consider that Magistrate Recio"s ORDER  to MOOT</u>
27 <u>Petitioner's Motion to Amend and Supplement, supra, .) appears to be an skewing , subtle</u>
28 <u>effort  to prevent  proof of the manipulation of facts , omissions in the entering and filings</u>
29 of <u>Petitioner's duly served and filed pleadings</u> , and to <u>preclude</u> Petitioner from filing
30 any other pleading relevant to this case that Petitioner might have to file in district court in

the future. ( also , please refer to Petitioner's arguments outlined on page 27(25-26) thru page 37 of Petitioner's Motion for Disqualification of Federal Judge U.S. Magistrate Judge Felix Recio , filed at the U.S. Court of Appeals on October 18 , 2002 ,- Certified Mail # 7000 1670, 0010 8896 1121 , signed Return Receipt showing delivery date of October 18, 2002 , and 7000 1670 0010 8896 1138- , Return Receipt showing delivery date of October 23, 2002 signed by L. M. Villarreal of the District Court) .

WHEREFORE , Petitioner prays that this , his Objection be considered and submitted to a Judge the Court for a de novo determination of the facts and decision , and any other relief that this Honorable Court may deem just and proper..

Respectfully submitted

*/s/ Hugo P. Absalon/*

Hugo P. Absalon ,pro se
82491-079 BSCC - Cedar Hill unit DB 4 - 3711 Wright Ave. - Big Spring Texas 79720

## VERIFICATION

In the Nature of 28 USC § 1746(1) I do hereby attest that to the best of my knowledge this pleading is made by me on information and belief , except in matters stated to be on personal knowledge . Sources of my information and the grounds of my belief are records in the official files of the United States District Court for the Southern District of Texas , Brownsville Division, and in the U.S. Court of Appeals for the Fifth Circuit ; and other inquiries made or caused to be made by me.
Executed this First day of November of the year 2002.

*/s/ Hugo P. Absalon/*

## CERTIFICATE OF SERVICE

Petitioner does hereby Certify the mailing of original and 3 true and complete copies of the foregoing pleading to The U.S. District Court for the Southern District of Texas, Brownsville Division , Clerk of the Court , 600 East Harrison Street , Brownsville Texas 78520 , Certified Mail # 7000 1670 0002 6759 1364 , and one copy thereof to the U.S. Attorney's Office ,Southern District of Texas , P.O. Box 61129 , Houston , Texas 77208.

*/s/ Hugo P. Absalon/*

Hugo P. Absalon , pro se