United States District Court
Southern District of Texas
FILED

JAN 0 6 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

Hugo P. Absalon
    Appellant/Defendant
v                                Criminal B-98-505-1   B-00-186

UNITED STATES OF AMERICA
    Appellee/Plaintiff

---

**MOTION FOR ACCESS TO THE RECORD**

---

Hugo P. Absalon, pro se
82491-079 BSCC
Cedar Hill unit DB 4
3711 Wright Avenue
Big Spring
Texas 79720

1  Hugo P. Absalon, Appellant acting pro se, moves this Honorable
2  Court for the use of the record on appeal in preparing my case and to have
3  the opportunity to place before the appellate court those portions of the
4  record which I deem relevant to the appeal.
5  And to **ensure** that record of appeal accurately reflects :
6  1. All proceedings in district court : (a) by reflecting information
7  that was before district court , and (b) pleadings duly filed by
8  Appellant but which entry and filing **were omitted** by the Clerk of the
9  Court - as evidenced by the Clerk's Certified Copy of Criminal Docket for
10 case # : 98-CR-506-1 (showing docket entries as of April 1, 2002 4:42 pm,
11 **entries from 9/1/98 to 3/26/02** ), **AND** Certified Copy of Criminal Docket
12 for Case # : 98-CR-506-ALL (showing docket entries as of September 17,
13 2002 9:14 am , **entries from 9/1/98 to 9/13/02** ) - **notwithstanding**
14 Appellant's Motion to Amend and Supplement Certified Copy of Docket
15 Sheet filed on April 16, 2002 , Certified Mail 7000 1670 0010 8896 3889
16 ,Return Receipt showing delivery date of 4-16-02.   It is instructive to
17 notice that **on April 1, 2002** U.S. Magistrate Judge Felix Recio **granted**
18 Appellant's Motion for Certified Copy of Criminal Docket Sheet - **filed on**
19 **March 25, 2002** , Court Docket # 73 , ( twenty one days **after** Appellant's
20 filing of his Notice of Appeal (02-40587) **on March 4, 2002** )) - BUT **did**
21 **not grant** Appellant's Motion to Amend and Supplement Certified Copy
22 of Docket Sheet - **filed on April 16, 2002** (thirty four days **after** the filing of
23 the Notice of Appeal ) where a number of omissions and
24 misrepresentation of fact were outlined , Court Docket # 74 - **alleging**
25 **that the Court no longer had jurisdiction** due to the fact that "*Mr.*

1  *Absalon's case is currently on appeal at the 5th Circuit".*  Appellant's case was
2  already on appeal **when he granted** Motion for Certified Copy of Criminal
3  Docket Sheet , **and did not grant** Motion to Amend Certified Copy of
4  Criminal Sheet.      Subsequent Appellant's Objections to the Magistrate
5  Judge's Order (May 21, 2002- no entry or filing entries shown)  were
6  mooted by him (May 22, 2002 –court docket # 76)  on the same grounds ,
7  **lack of jurisdiction.**
8       To that effect, Appellant respectfully request that the following items
9  constitute the record on appeal , as provided by Rule 10(a) of the
10 Fed.R.App.P. , and that the record **or a copy thereof**  be forwarded to
11 the Appellant  to the following address : Hugo P. Absalon , 82491-079
12 BSCC,  Cedar Hill unit DB 4 , 3711 Wright Avenue Big Spring Texas ,
13 79720 :

    (1)    All the original papers and exhibits  filed in the district court ;
including , but not limited to , the **omitted filings** , infra.

    (2)    Transcripts  of  proceedings  (including  ,  but  not  limited  to,
Transcript of the Arraignments (2) , Transcripts of the Sentencing
Hearing (2)).

    (3)    A Certified Copy of **all** the docket entries prepared by the district
clerk including , but not limited to , the entries of , and the filing
of the Motion for the Voluntary disqualification of U.S. District
Judge Hilda G. Tagle , filed on July 3, 2001 , and of Appellant's
Traverse filed on July 11, 2002 , previously omitted by the Clerk
on his two Certified copies of the docket sheets ; and the duly
requested amendment to the misrepresented facts outlined in the
Motion to Amend , supra.

115

Fifth Circuit Local Rule 11.3 provides that the district court clerk is responsible for determining when the record on appeal is complete for purposes of the appeal. Unless the record on appeal is sent to this court within 15 days from the filing of the notice of appeal (**notice of appeal was filed on March 4, 2002**) the district court clerk must advise the clerk of the appeal court of the reasons for delay and request han extension to file the record. The clerk of the appeals court may grant an extension for no more than 45 days. Extensions beyond the 45 days are referred to a single judge. Almost ten months have lapsed since the filing of the Notice of Appeal. On **March 20, 2002** Appellant timely filed his Petition **to the district court** for Certificate of Appeal ability (Court docket # 72). **On March 26, 2002** U.S. Magistrate Judge Felix Recio **granted** the COA (Court docket # - no court docket shown).

WHEREFORE, Appellant respectfully request that this, his motion be granted and that an ORDER be given to the Clerk to furnish Appellant with the record or a copy of the herein requested record on appeal containing all the items outlined on "(1), (2) and (3)",supra.

Respectfully submitted

Hugo P. Absalon
82491-079 BSCC
Cedar Hill unit DB 4
3711 Wright Avenue
Big Spring, Texas 79720

## CERTIFICATE OF SERVICE

      Appellant Certify that a copy of this motion is being mailed, first class mail, postage prepaid to : AUSA Mark Dowd , U.S. Attorney's Office P.O. Box 61129 , Houston, Texas 77208.

*/s/ Hugo P. Absalon*

Hugo P. Absalon, pro se.