United States Court of Appeals
Fifth Circuit
**F I L E D**
June 25, 2003
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-40293
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO P. ABSALON,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. B-00-CV-186 &
B-98-CR-506-1

---

United States District Court
Southern District of Texas
FILED

SEP 0 5 2003

Michael N. Milby
Clerk of Court

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Hugo P. Absalon, federal prisoner # 82491-079, appeals the denial of his motion to vacate, set aside, or correct sentence. The only issue before us is whether the district judge should have disqualified herself from Absalon's 28 U.S.C. § 2255 proceedings. Cf. Trevino v. Johnson, 168 F.3d 173, 177 (5th Cir. 1999) (habeas petitioner did not need COA to appeal denial of motion for disqualification).

Absalon contends that recusal was mandated under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 455(a), and we review the denial of a motion to disqualify made pursuant to that section for an abuse of discretion. <u>United States v. Bremers</u>, 195 F.3d 221, 226 (5th Cir. 1999). Absalon argues that Judge Tagle's legal rulings evidence a bias against him. The record, however, is devoid of evidence that Judge Tagle's rulings involved an extrajudicial source and, standing alone, they do not show "a deep-seated favoritism or antagonism" required to constitute grounds for disqualification. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

Absalon's argument that Judge Tagle knew that false testimony was presented to his grand jury is conclusional and therefore an insufficient basis on which to require recusal. <u>See</u> <u>United States v. Schoenhoff</u>, 919 F.2d 936, 940 (5th Cir. 1990). We additionally reject the argument that recusal was mandated because Judge Tagle presided over Absalon's conviction and sentencing proceedings; we have refused to create a mandatory recusal rule in cases where the district judge has made determinations in earlier proceedings on ultimate issues. <u>United States v. Mizell</u>, 88 F.3d 288, 300 (5th Cir. 1996). Moreover, any opinions formed by Judge Tagle on the basis of facts introduced at Absalon's prior proceedings cannot constitute a basis for a partiality motion, because they do not "display a deep-seated favoritism or antagonism that would make a fair judgment impossible." <u>See Liteky</u>, 510 U.S. at 555.

Finally, we hold harmless any alleged error on Judge Tagle's

2

part in making rulings during the pendency of the motion to disqualify, because recusal was ultimately not mandated. See FED. R. CIV. P. 61.

    AFFIRMED.